## PUEYO v. REAL HERMANOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 833.—Resuelto en noviembre 7, 1912.

CONTRATOS CON CLÁUSULA PENAL—ARRENDAMIENTO DE SERVICIOS—INDEMNIZACIÓN EN CASO DE RESCISIÓN DEL CONTRATO.—Las disposiciones del artículo 1121 del Código Civil revisado únicamente son aplicables en aquellos casos en que una de las partes puede ser obligada al cumplimiento del contrato. Cuando, por el contrario, se trata de contratos de carácter personalísimo, como son los contratos de arrendamiento de servicios, y cuando existe un contrato con cláusula penal, el deudor solamente tiene derecho a reclamar el importe de la indemnización estipulada en el contrato, no pudiendo exigir una indemnización mayor de la convenida, y en tales casos, las disposiciones del artículo 1121 de dicho Código Civil no son aplicables.

ID.—RESOLUCIÓN DE LAS OBLIGACIONES—INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS.— Los preceptos del artículo 1091 del Código Civil revisado, que dan derecho al perjudicado a elegir entre el cumplimiento de la obligación o la indemnización de daños y perjuicios, no son aplicables a un contrato con cláusula penal de carácter personalísimo en que las partes han estipulado una pena en caso de incumplimiento del contrato.

ID.—CONVENIO DE LAS PARTES CON RESPECTO A LA INDEMNIZACIÓN.—Cuando de los términos de un contrato se deduce claramente que la intención de las partes ha sido convenir en una cantidad fija en concepto de indemnización de daños y perjuicios en caso de incumplimiento del contrato, los tribunales americanos no dejarán sin efecto la cantidad estipulada, al menos que sea injusta, excesiva o contraria a la moral pública.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sr. Luis Llorens Torres.*

Abogado de los apelados: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. WOLF. emitió la opinión del tribunal.

En la Ciudad de San Juan, Puerto Rico, el día 1º. de mayo de 1911, Julián Pueyo Cámara celebró un contrato con la mercantil de Real Hermanos, sobre arrendamiento de servicios,

estipulándose. en el contrato que en el caso de que se rescindiese por culpa de los Sres. Real Hermanos, quedarían estos últimos obligados a pagar al Sr. Pueyo Cámara, la suma de $88 en concepto de indemnización. El contrato se cumplió por una y otra parte, hasta el día 31 de julio de 1911; pero en 1°. de agosto, 1911, los demandados y apelados Real Hermanos, sin motivo ni causa legal alguna notificaron al demandante y apelante por escrito que había cesado en el desempeño de los trabajos que venía llevando a cabo como dibujante en la empresa *Puerto Rico Ilustrado,* de la propiedad de la demandada y apelada. En esta notificación los apelados le advertían al apelante que podía disponer de la suma de $88 de acuerdo con lo convenido en la cláusula penal consignada en dicho contrato. Como el demandante y apelante no estuvo conforme con este proceder, al siguiente día 2 de agosto, 1911, manifestó a Real Hermanos de palabra y por escrito que no se avenía a la rescisión del convenio; y que por el contrario optaba por su cumplimiento y se negó percibir la suma que se le ofrecía para resarcirle de los daños y perjuicios que pudieran originársele de acuerdo con lo convenido en la cláusula penal. Los demandados y apelados se negaron al cumplimiento del contrato y el Sr. Pueyo presentó demanda ante la Corte de Distrito de San Juan, alegando que por el incumplimiento de los demandados se vió privado mensualmente de la suma de $75 durante los 19 meses que faltaban para la terminación del contrato. La Corte de Distrito de San Juan dictó sentencia a favor de los demandados.

Para sostener su apelación, el apelante se fundó principalmente en el artículo 1121 del Código Civil. Para interpretar debidamente este artículo, debe leerse en relación con el artículo 1120:

"Artículo 1120.—En las obligaciones con cláusula penal, la pena sustituirá a la indemnización de daños y el abono de intereses en caso de falta de cumplimiento, si otra cosa no se hubiere pactado.

"Sólo podrá hacerse efectiva la pena cuando ésta fuere exigible conforme con las disposiciones del presente Código.

"Art. 1121.—El deudor no podrá eximirse de cumplir la obligación, pagando la pena, sino en el caso de que expresamente le hubiese sido reservado este derecho.   Tampoco el acreedor podrá exigir conjuntamente el cumplimiento de la obligación y la satisfacción de la pena sin que esta facultad le haya sido claramente otorgada."

Convenimos en que las palabras del artículo 1121 significan que una parte contratante puede insistir en el cumplimiento de un contrato aun cuando exista en el mismo una cláusula penal, con tal que sea siempre susceptible el contrato de cumplirse específicamente.   El artículo 1121 necesariamente es de aplicación solamente a aquella clase de contratos en que la ley puede obligar a su cumplimiento.   Cuando el contrato no puede hacerse cumplir, el demandante queda en la situación a que se ha hecho referencia por los comentaristas y por la corte inferior.   En relación con esta cuestión, Manresa se expresa como sigue:

"Creemos que en el supuesto general de la ley, y una vez incumplida la obligación, puede optar el acreedor entre pedir la pena o el cumplimiento de aquélla; pero con la diferencia de que si pide lo primero, no podrá luego exigir lo segundo, puesto que ambos obligados han decidido prescindir de la ejecución de lo pactado, y en cambio, optando por exigir que se cumpla la obligación, podrá pedir, si así no se lleva a cabo, el pago de la pena."

Y Scaevola, en el Tomo XIX, página 837 de sus Comentarios al Código Civil, es de opinión que las partes quedan obligadas por su contrato y que como las mismas tuvieron presentes el incumplimiento que posiblemente podía ocurrir de la obligación principal, y estuvieron conformes en cuanto a la cuantía de la compensación que el acreedor debía recibir, no hay medio alguno de que las partes puedan librarse de la situación en que se colocaron.

Las condiciones del contrato demuestran que la indemnización que tuvieron presente las partes para el caso de incumplimiento por el apelado, era la suma de $88.   Si según se alega por el apelante, él insistiera en el cumplimiento del contrato, y al no cumplirlo los demandados fuera indemni-

zado por los daños y perjuicios, al obrar así sustituiría, otro contrato por el que en realidad firmaron las partes. La conformidad de las partes tuvo lugar al fijar la suma de $88 como pago por incumplimiento del contrato.

El apelante cita el artículo 1091 del Código Civil, que es la cláusula general que autoriza a la parte contratante para escoger entre el cumplimiento del contrato y el resarcimiento de los daños y perjuicios, pero este artículo solamente es aplicable cuando las partes no han hecho convenio de ninguna clase por el que hayan de estimarse los daños y perjuicios.

. El apelante hizo alguna referencia a casos americanos. Propiamente hablando, la suma especificada en este contrato, de acuerdo con el sistema americano se consideraría como daños líquidos, más bien que una pena. Al expresar las partes contratantes que la suma de $88 sería la compensación por cualquier incumplimiento del contrato por culpa de Real Hermanos, parece haberse tenido en cuenta que la suma de $88 comprende todos los daños y perjuicios. Este punto ha sido bastante discutido en el caso de *K. P. Mining Co.* v. *Jacobson,* 4 L. R. A.; (N. S.), 757, 758. Es particularmente pertinente al punto, la cita contenida en el tomo 13 de Cyc., p. 90, a saber:

"El contrato ha de regir, y la verdadera cuestión es ¿En qué consistía el contrato? El hecho de si era conveniente o nó a las partes contratantes obligarse de tal modo no tiene importancia alguna si aparece que la intención es clara. Si no existe fraude, trampa o ilegalidad en el caso, la corte está obligada a hacer que se cumpla el contrato."

La reparación es la cuestión fundamental, y cuando las partes han estado conformes con respecto a la cuantía de los daños y ésta no resulta injusta, excesiva o contraria a la moral pública, las cortes no anularán la verdadera intención de las partes contratantes.

La sentencia debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.