FRANCISCO A. FRANCESCHI, demandante y apelante, *v.*
FRANCISCO FOURNIER, demandado y apelado.

No. 4058.—*Visto:* Abril 5, 1927.  *Resuelto:* Julio 14, 1927.

1. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLU-
SIONES—APRECIACIÓN DE LAS PRUEBAS—PRUEBA CONTRADICTORIA.—Cuando la
prueba es contradictoria y nada demuestra que se cometiera error en la reso-
lución del conflicto existente procede sostener en apelación la conclusión a
que, sobre la misma, llegó la corte inferior.

2. ACCIONES—FUNDAMENTOS Y CONDICIONES PRECEDENTES—HECHOS DELICTIVOS.—
El hecho de que uno se declare culpable en denuncia criminal por violar la
ley de automóviles formulada con motivo de un accidente carece de impor-
tancia en la acción civil que se entable con motivo de dicho accidente.

3. NEGLIGENCIA—ACCIONES—DERECHO DE ACCIÓN, PARTES, PROCEDIMIENTOS PRE-
LIMINARES Y ALEGACIONES — INCONGRUENCIAS ENTRE LAS ALEGACIONES Y
PRUEBAS—CUESTIONES A PROBAR—ALEGACIONES.—El que se alegue por el de-
mandado en la contestación que se tocó la bocina y nada se declare sobre el
particular en el juicio no significa una contradicción de él con su contestación.

4. NEGLIGENCIA—ACCIONES—DERECHO DE ACCIÓN, PARTES, PROCEDIMIENTOS PRE-
LIMINARES Y ALEGACIONES — INCONGRUENCIAS ENTRE LAS ALEGACIONES Y LAS
PRUEBAS—CUESTIONES A PROBAR—ALEGACIONES.—El que se alegue en la con-
testación que se tocó la bocina y nada se declare sobre el particular en el
juicio carece de importancia alguna en la acción civil que, como consecuencia
de un accidente tenido, se entable contra el demandado.

5. NEGLIGENCIA—ACCIONES — JUICIO, SENTENCIA Y REVISIÓN — APELACIÓN—REVI-
SIÓN—CONCLUSIONES SOBRE LAS PRUEBAS—PRUEBA CONTRADICTORIA.—En au-
sencia de motivo para variar la conclusión de la corte inferior en la resolución
del conflicto de la evidencia, cabe sostener su conclusión de que una parte
no tuvo culpa ni negligencia en un accidente.

SENTENCIA de *Domingo Sepúlveda*, J. (San Juan), declarando sin
lugar la demanda, con costas.  *Confirmada.*

*Pedro G. Quiñones,* abogado del apelante; *Francisco Soto Gras,* abo-
gado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

El apelante Francisco A. Franceschi viajaba en la tarde
de un domingo en un ómnibus de motor, llamado aquí gua-
gua, que tuvo un choque con un automóvil guiado por el
apelado en la intersección de la calle de Canals del barrio
de Santurce de esta ciudad con la carretera que pasando
por ese sitio conduce a Río Piedras, resultando Franceschi
con contusiones en el brazo y costado derecho de su cuerpo,
y en su demanda reclamando indemnización de daños y

perjuicios alegó que el accidente tuvo lugar por haber salido el demandado de la calle Canals sin tocar bocina y a mucha velocidad.

El demandado negó los hechos de esa demanda y celebrado el juicio recayó sentencia declarando sin lugar la demanda.

En el recurso de apelación interpuesto por el demandante alega los siguientes motivos de error:

"1.—La Corte de Distrito cometió manifiesto error en la apreciación de la prueba.

"2.—La Corte de Distrito cometió manifiesto error al encontrar que el demandado-apelado Francisco Fournier, no fué culpable de negligencia en el accidente que dió origen a este pleito.

"3.—La Corte de Distrito cometió error al declarar sin lugar la demanda en este caso.

"4.—La Corte de Distrito cometió error al imponer las costas al demandante."

Podemos considerar conjuntamente los tres primeros motivos porque están tan íntimamente relacionados que el segundo y tercero son consecuencia de que existe el primero.

[1] La corte inferior fundó su sentencia en que la evidencia que fué presentada en el juicio resultó contradictoria por cuanto los testigos del demandante tendían a probar que el automóvil guiado por el demandado desembocó por la calle de Canals hacia la carretera a gran velocidad y fué a chocar contra la guagua, mientras que los testigos del demandado tendían a probar que al salir el automóvil de la calle de Canals se paró teniendo parte de él en dicha calle y otra parte en la carretera, en cuyo momento pasaban dos guaguas regateando chocando una de ellas con el automóvil, cuyo conflicto de evidencia resolvió a favor del demandado por las fotografías del automóvil que fueron tomadas después del accidente, que demuestran que el automóvil recibió el choque en la mitad de su costado izquierdo sin haber sufrido desperfecto alguno en su parte delantera, por lo que llegó a la conclusión de que el accidente no fué

debido en manera alguna a culpa o negligencia del demandado.

Ciertamente la evidencia fué contradictoria y no encontramos que la corte inferior cometiera error en la resolución de ese conflicto, especialmente teniendo en cuenta que el automóvil del demandado sufrió los desperfectos en su parte media izquierda y ninguno en su parte delantera, según aparece de las fotografías obrantes en los autos, lo que induce a creer que fué la guagua la que chocó con el automóvil, con mayor motivo cuanto que la guagua sufrió desperfectos en su parte delantera, pues el testigo Pablo Casiano, cabo de la policía encargado del servicio del tráfico por ese sitio, declaró que entre otros desperfectos la guagua tenía el bonete y el guardalodo doblados; según Jorge Castro, mecánico que arregló la guagua, ésta, entre otros desperfectos, tenía el radiador roto y la defensa del mismo y el eje delantero doblados; y según Fernando Bermúdez, uno de los pasajeros de la guagua, el choque fué en la parte delantera de la guagua siendo todos esos testigos presentados por el demandante.

[2, 3] El hecho de que el apelado se declaró culpable en una denuncia criminal por violar la ley de automóviles formulada con motivo de ese accidente no tiene importancia en un procedimiento civil para por él llegar a la conclusión de que debió ser condenado en este pleito; ni tampoco tiene importancia el hecho de que habiendo alegado el demandado en su contestación jurada que tocó su bocina al salir de la calle de Canals, nada dijese sobre esto cuando declaró en el juicio, pues tal omisión no significa una contradicción con su contestación, como alega el apelante.

[4] Como no encontramos motivo para variar la conclusión de la corte inferior en la resolución del conflicto de la evidencia, es sostenible su conclusión de que el apelado no tuvo culpa ni negligencia en dicho accidente y también en cuanto a la condena en costas.

*La sentencia apelada debe ser confirmada.*