ANGEL PALACIOS, demandante y apelante *v,* LUIS ARZUAGA, demandado y apelado.

No. 4168.—*Visto:* Junio 17, 1927. *Resuelto:* Julio 26, 1927.

1. CONTRATOS—CUMPLIMIENTO O QUEBRANTAMIENTO—CUMPLIMIENTO DE OBLIGACIONES BAJO EL MISMO—INCUMPLIMIENTO POR UNA PARTE Y EFECTO.—Para recobrar daños y perjuicios por incumplimiento de un contrato, si el demandante no demuestra haber cumplido su parte en el mismo, la demanda no puede sostenerse en cuanto a ese extremo.

2. DAÑOS Y PERJUICIOS *(Damages)*—DAÑOS LIQUIDADOS *(Liquidated Damages)* Y PENALIDADES—EFECTO DE CONVENIOS RESPECTO A LOS MISMOS—EN GENERAL.—Cuando una parte en un contrato entrega a la otra una cantidad autorizándole a incautarse de ella caso de cualquier incumplimiento de ella a los términos del mismo y dicha parte falta a las obligaciones que se impuso por el contrato, la otra no está obligada a devolverle dicha cantidad.

3. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—APRECIACIÓN DE LAS PRUEBAS—EN GENERAL.—En ausencia de demostración de que hubo error manifiesto, pasión, prejuicio o parcialidad en la apreciación que de la prueba hizo el juez sentenciador, su actuación debe sostenerse en apelación.

SENTENCIA de *Pablo Berga,* J. (San Juan), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Enrique Campillo,* abogado del apelante; *José Martínez Dávila* y *A. Barceló Jr.,* abogados del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

[1, 2] Este es un pleito para la devolución de una fianza prestada en dinero por valor de $500 y además con objeto de recobrar daños y perjuicios en cantidad de $792, fundándose para ello el demandante en que el demandado quebrantó cierto contrato que le obligaba a la entrega de toda la producción de leche de su vaquería durante el término de un año.

La opinión de la corte inferior en la que discute y analiza la prueba presentada por una y otra parte y se consignan los fundamentos que tuvo para declarar sin lugar la demanda, dice como sigue:

"La demanda en este caso se establece por Angel Palacios contra Luis Arzuaga y en ella se alegan dos causas de acción: la primera para que se condene al demandado a devolver al demandante la suma de $500, importe de una fianza, y la segunda para que se le condene además a pagar la suma de $792 en concepto de daños y perjuicios.

"Allá el 20 de agosto de 1924, demandante y demandado celebraron un contrato de compra-venta de leche en virtud del cual el demandante se comprometió a tomar toda la producción de leche de la vaquería del demandado, cuyo contrato contiene las siguientes cláusulas:

" '1.—Don Angel Palacios se compromete a tomar toda la producción de leche de la vaquería del Sr. Luis Arzuaga, la que será entregada en la carretera de Río Piedras a San Juan, sitio de salida de la calle que comunica con la finca donde está instalada la lechería.

" '2.—La duración de este contrato será de un año a contarse desde el día primero de septiembre del año corriente, venciendo por tanto en igual día y mes del próximo mil novecientos veinte y cinco.

" '3.—Los precios que el Sr. Palacios pagará al Sr. Arzuaga por cada cuartillo de leche, serán como sigue: Los meses de septiembre a enero a razón de catorce centavos. Desde enero primero a mayo primero o sean otros cuatro meses, a razón de diez y seis centavos, y los cuatro meses siguientes o sean desde mayo primero a septiembre uno, a razón de doce centavos, de manera que cada cuatro meses será modificado el precio en la forma acordada, esto es los primeros cuatro a catorce centavos, los siguientes a diez y seis y los cuatro últimos a doce centavos.

" '4.—El pago de la leche será hecho semanalmente en el domicilio del Sr. Arzuaga.

" '5.—Para garantizar el cumplimiento de este contrato en todas sus partes el Sr. Palacios hace entrega al Sr. Arzuaga de la suma de quinientos dollars que se incautará el Sr. Arzuaga caso de cualquier incumplimiento del Sr. Palacios a los términos de este contrato y se obliga el Sr. Arzuaga a devolverle al finalizar el mismo, de estar cumplidas todas las obligaciones que el mismo establece.

" '6.—El Sr. Arzuaga no será responsable de pérdidas en la cantidad de leche una vez entregada ni en que ésta pueda dañarse total o parcialmente.'

"Se alega en la demanda y se admite en la contestación que de acuerdo con lo estipulado en el contrato anteriormente transcrito, el demandado entregó toda la producción de leche de su vaquería hasta allá el 25 de mayo de 1925, en cuya fecha dejó de remitirla y entregarla en absoluto, alegando el demandado que se vió precisado a hacer tal cosa porque el demandante dejó de pagar el importe de la leche servida en los términos que se estipuló en el contrato, lo que ocasionó pérdidas y trastornos en sus negocios.

"Se alega también en la demanda que desde principios del contrato fué asimismo convenido que el demandante, de acuerdo con las cantidades de leche recibidas diariamente, le pasaría una liquidación al demandado semanalmente, remitiéndole el importe de la misma, habiendo sido todas y cada una de las liquidaciones aceptadas por el demandado. El demandado niega esta alegación y en contrario establece que la forma de pago estipulada en el contrato no fué modificada en forma alguna.

"La prueba ha demostrado que semanalmente, esto es, los días sábados de cada semana, el demandante preparaba una liquidación de las cantidades de leche que recibía diariamente y extendía un cheque por su importe a favor del demandado, quien regularmente lo mandaba a buscar con Bonocio Casellas Santana, su cobrador, al depósito del demandante en la Calle San Sebastián No. 20 de San Juan. La prueba también ha demostrado que en tres ocasiones distintas, o sea, en 3 de diciembre de 1924, y 2 y 16 de enero de 1925, el demandante dió al demandado en calidad de préstamo las cantidades de 400, 500 y 300 dólares, respectivamente, para ser descontadas, como se descontó; de liquidaciones posteriores. Y alega el demandante que al concederse tales préstamos fué convenido entre las partes que si el demandante se retrasaba en algunos días en el pago del semanal de leche que recibiera del demandado, no afecta-

ría en nada el expresado contrato. El demandado niega ese extremo, alegando en contrario que siempre cobró al demandante el importe de la leche suministrada semanalmente de acuerdo con lo establecido en el contrato. Las declaraciones del demandante y del demandado sobre el particular son contradictorias y la Corte estima, considerando las mismas, que si bien en distintos pagos semanales hubo retraso como lo demuestran las fechas en que el demandado aparece cobrando los cheques, 5 ó 6 días con posterioridad a su expedición, no hubo modificación alguna del contrato en cuanto al modo y forma del pago de la leche.

"En 13 de mayo de 1925 el demandado compareció ante el notario Don José Martínez Dávila y expuso que el demandante le había dejado de pagar el importe de la leche correspondiente a la semana que terminó el 8 de mayo de 1925 y solicitó de dicho funcionario requiriera al demandante para que hiciera efectivo su importe, apercibido que de no efectuar el mismo inmediatamente, haría uso del derecho que le concede la cláusula 5a. del mencionado contrato o sea incautarse el demandado de la suma de $500 entregádale por el demandante para caso de incumplimiento a los términos del contrato; y requerido el demandante por el Notario Sr. Martínez Dávila en la forma solicitada, dicho demandante contestó que "está gestionando los medios de pagar y que de cualquier forma pagaría antes de una semana." Con posterioridad el demandado recibió del demandante el cheque fechado el 8 de mayo de 1925, por $119.04, importe de la liquidación de la semana del 2 al 8 de dicho mes, que cobró el demandado el 18 de mayo de 1925. También recibió el demandado con posterioridad otro cheque por $133.32, fechado el 15 de mayo de 1925, de la liquidación de mayo 9 a 15, 1925, que cobró el demandado el 23 de mayo de 1925. Y en mayo 26, 1925, el demandante envió al demandado el cheque por el importe de la leche entregada durante la semana del 16 al 22 de mayo, 1925, cuyo cheque tiene fecha mayo 22, 1925. En mayo 29, 1925, aparece una liquidación por $32.76 correspondiente a los días, 23, 24 y 25 de mayo, de 1926, la última semana en que el demandado suministró leche al demandante, sin que el demandante deba nada al demandado por concepto de leche entregádale desde la vigencia del contrato.

"La cláusula 4a. del contrato establece, de modo expreso, 'que el pago será hecho semanalmente en el domicilio del Sr. Arzuaga.' Esto no fué cumplido por el demandante. Claramente cuando el demandante fué requerido en 13 de mayo de 1925 para el pago de la leche entregado durante la semana comprendida del 2 al 8 de

mayo de 1925 él no verificó dicho pago apesar de que manifestó en su declaración que el cheque estaba hecho como de costumbre, pero que no había llevado los fondos al Banco. Este cheque, fechado el 8 de mayo de 1925, fué entregado con posterioridad al 13 de mayo de 1925 y cobrado por el demandado el 18 de mayo de 1925.

"Para que el demandante pueda recobrar daños y perjuicios por la falta del demandado de suministrarle la leche de acuerdo con el contrato, es necesario que demuestre que por su parte ha cumplido todas y cada una de las cláusulas del contrato, y no apareciendo así, su demanda no puede sostenerse en ese extremo.

"Por otra parte el demandante no probó que hubiera sufrido daños por haberle dejado el demandado de suministrarle la leche desde el 26 de mayo de 1925, porque su declaración sobre ese extremo, en cuanto a lo dejado de ganar y tenido que indemnizar a Jesús Guzmán, no fué lo suficientemente satisfactoria para fundar la Corte un fallo condenatorio.

"En la cláusula 5ta. del contrato se establece lo siguiente:

"5o.—Para garantizar el cumplimiento de este contrato en todas sus partes el Sr. Palacios hace entrega al Sr. Arzuaga de la suma de quinientos dollars de que se incautará el Sr. Arzuaga caso de cualquier incumplimiento del Sr. Palacios a los términos de ese contrato y se obliga al Sr. Arzuaga a devolverle al finalizar el mismo, de estar cumplidas todas las obligaciones que el mismo establece."

"La prueba ha demostrado que el demandante entregó al demandado un cheque por $500, de fecha 14 de agosto de 1924, que el demandado cobró y cuya suma retiene en depósito como fianza de acuerdo con el contrato. En carta de Junio 3, 1925 el demandante requirió al demandado para que le devolviese dicha suma, sin perjuicio de la indemnización a que tuviere derecho, contestando el demandado en carta del día siguiente que dicha cantidad la retenía en su poder para resarcirse en parte de los perjuicios que el demandante le había ocasionado por incumplimiento del contrato.

"Sostiene el demandado que al establecerse en el contrato que de la suma entregada se *incautará el demandado caso de cualquier incumplimiento del demandante* a los términos del contrato, ello constituye una penalidad, es una cláusula penal, y que no está obligado a devolver dicha suma, demostrado que el demandante no cumplió el contrato haciendo los pagos de la leche en la forma y modo convenidos, o sea semanalmente en el domicilio del demandado.

"Tiene razón el demandado, pues aunque el demandante satisfizo todas las cantidades debidas por razón de la leche entregádale por el demandado, dichos pagos no los hizo en la forma y modo convenidos en el contrato. Faltó a una de las obligaciones que se había impuesto.

"En las obligaciones con cláusula penal, la pena sustituye a la indemnización de daños en caso de falta de cumplimiento, cuando otra cosa no se ha pactado. Art. 1120 *Código Civil.* Por *cualquier incumplimiento del contrato,* el demandado quedó autorizado para incautarse o hacer suya la suma entregádale por el demandante, y siendo ese el convenio entre las partes, claramente establecido, en ausencia de fraude, engaño o ilegalidad, la Corte no puede librar al demandante de la situación en que él mismo se colocó al celebrar dicho contrato, ni puede ordenar la devolución de la suma entregada. El contrato debe regir, y si era o no conveniente a las partes contratantes obligarse de ese modo no tiene importancia alguna, si aparece que la intención es clara." *Pueyo* vs. *Real Hermanos,* 18 D.P.R. 862.

Parece suficiente añadir que la prueba del demandado tendió a demostrar que el hecho de haberse el demandante retrasado en el pago puntual de las entregas de leche semanales era más bien un pretexto para que el demandado tuviera motivos para suspender las entregas y rescindir el contrato. Y fué esa la intención del demandante porque él había celebrado otro contrato con Rubert Iturregui & Co. sobre compraventa de leche y a un precio más bajo que el que pagaba al demandado. Bajo tales circunstancias no hay razón que justifique la modificación de la cuantía de los $500 que el demandante entregó al demandado, autorizándole a incautarse de dicha suma caso de cualquier incumplimiento del demandante a los términos del contrato.

[3] Por lo demás no se ha demostrado que hubo error manifiesto, pasión, prejuicio o parcialidad en la apreciación que de la prueba hizo el juez sentenciador, y *la sentencia apelada debe ser confirmada.*