VICENTE AMADOR PÉREZ, demandante y apelante, *v.* ROSA NAVARRO PEÑA, demandada y apelada.

No. 6369.—*Sometido:* Abril 3, 1934. *Resuelto:* Abril 18, 1934.

*José Iglesias,* abogado del apelante; *P. G. Quiñones,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción de divorcio que ejercita Vicente Amador Pérez contra su esposa Rosa Navarro Peña, basándola en trato cruel e injurias graves. Se alega en la demanda que

* NOTA: Véase el prefacio.

la Sra. Navarro se niega a sostener relaciones maritales con su esposo y que se ha negado también a cuidar de su ropa y de la preparación de sus alimentos. Se añade que la demandada reñía constantemente al demandante cada vez que llegaba a su hogar en busca de un reposo que se le hacía imposible conseguir, viéndose el demandante en la necesidad de abandonar su hogar en busca de reposo y sosiego en otra parte; que la demandada insultaba al demandante en alta voz y públicamente, valiéndose de palabras mortificantes e injuriosas; que dicha señora insultaba también a la madre del demandante, calificándola de vieja bruja, y a sus hermanas, aplicándoles los epítetos más duros; que todo esto se hacía sin provocación alguna de parte del demandante y con el expreso propósito de molestarle y mortificarle, y de exponerlo al desprecio de su hija Blanca Rosa, y al escarnio del público. También se alega que la demandada, en abierta rebeldía contra las indicaciones de su esposo empleó y retuvo empleado en su casa, a un individuo a quien el demandante despidió.

La demandada niega en términos generales todos los hechos de la demanda.

La corte inferior apreció la prueba y resolvió el caso en contra del demandante, sin especial condenación de costas. La parte apelante alega que la corte inferior cometió manifiesto error al apreciar la prueba, y que actuó movida por pasión y prejuicio.

Hemos examinado detenidamente toda la evidencia aportada, consistente de prueba testifical, y no surge de los autos que la corte inferior haya incurrido en manifiesto error ni que su juicio sea hijo de la parcialidad y el apasionamiento.

El demandante y sus testigos exponen ciertos hechos que sostienen las alegaciones de la demanda, y que, de ser ciertos, establecerían una causa de acción en favor del demandante. La prueba de la demandada rebate esos hechos y tiende a demostrar que no ha habido trato cruel ni injurias graves, y que ambos cónyuges han vivido una vida relativamente

tranquila y feliz. Se establece, por lo tanto, un conflicto en la prueba que el tribunal *a quo* resuelve en contra del demandante. En el estudio que nos ha merecido esa prueba hemos dado preferente atención a las declaraciones de las partes realmente interesadas en esta controversia. No es empresa fácil, en casos de esta naturaleza, establecer conclusiones con la certidumbre de la verdad, aunque se haga un estudio profundo y concienzudo de la prueba. La misión del juzgador es emitir su fallo de acuerdo con los dictados de su conciencia. A nuestro juicio, esta misión ha sido debidamente ejercitada. En la declaración del demandante se advierte una agresividad manifiesta en contra de su esposa, a la cual atribuye un carácter irascible y una conducta despiadada y cruel. No se produce así la Sra. Navarro. Su testimonio se recomienda por un espíritu de serenidad y moderación. El contraste entre ambas declaraciones salta a la vista y no favorece al esposo que se considera agraviado. La demandada niega los actos que se le imputan y expresa que nunca se negó a mantener relaciones maritales con su esposo, a pesar sentirse enferma; que atendía a su marido, que nunca lo ha celado; que no ha llamado bruja a la madre de su esposo, porque es la abuela de sus hijos, quienes se educan en un colegio católico, y además porque no es éste su vocabulario. Expresa que su marido ha sido buen esposo, que la atendía en todas sus necesidades en proporción al sueldo que ganaba y que se conducía de igual modo con sus hijos; que su esposo fué un buen padre, y que dice que fué un buen padre, porque en la actualidad sólo le pasa $10 mensuales a una de sus hijas; que no le pasa nada a la demandante, quien ha tenido que vender todo lo que tenía para sostenerse. María Teresa Amador, una de las hijas nacidas de este matrimonio, quien se encuentra actualmente casada, corrobora la declaración de la madre. La corte inferior, al apreciar la prueba, dijo, entre otras cosas, lo siguiente:

"Pero la prueba de la demandada es tan convincente, que tenemos que descartar por completo toda duda que pudiera surgir en

nuestro ánimo sobre su credibilidad. Oímos declarar a la demandada. No nos dió la impresión de una persona de carácter áspero, agrio, violento o agresivo; más bien nos dejó la sensación de una mujer consagrada al cuidado de sus hijas y de su esposo, y presta al sacrificio de su propia tranquilidad por el bienestar de su esposo y de su familia. La declaración de la hija casada en cuanto a que durante toda su vida de soltera tuvo el mejor ejemplo de paz doméstica, de moralidad, de verdadera quietud espiritual en su casa, siendo su padre un modelo de padres, y su madre una mujer cariñosa y buena, pesa mucho en nuestro ánimo, . . . . . El acto que se alega en la demanda como constitutivo de una abierta desobediencia de la esposa para las órdenes del marido, mediante el empleo en la casa del sirviente, quedó claramente explicado por la prueba de la demandada. A la declaración del testigo Francisco Amador, hermano del demandante, le hemos prestado cuidadosa consideración y es ella precisamente la que nos hace poner muy en duda que el carácter de la demandada sea irascible y temperamental. Considerado este asunto desde el punto de vista de la evidencia, no nos es posible resolver que las causas que se alegan como constitutivas de trato cruel y de injurias graves hayan quedado establecidas por la prueba.''

*Debe confirmarse la sentencia apelada.*