MARÍA REYES, demandante, apelada y apelante, *v.* VÍCTOR R. LÓPEZ NUSA, demandado, apelante y apelado.

No. 6170.—*Sometido:* Noviembre 13, 1934. *Resuelto:* Febrero 14, 1935.

*J. Henri Brown, C. Ruiz Nazario, G. E. González y G. Benítez Gautier,* abogados del apelante apelado; *Dubón & Ochoteco y Ramón S. Pesquera,* abogados de la apelada apelante.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La sentencia dictada en este caso fué apelada por ambos litigantes. Por el demandado porque lo condena a pagar indemnización a la demandante. Por ésta porque debió concedérsele como indemnización más de los $1,500 en que fué fijada por la corte.

Los motivos alegados por el demandado para que revoquemos la sentencia apelada y lo absolvamos de la reclamación que se le hace se refieren a que la corte sentenciadora apreció erróneamente la prueba.

■ En la tarde del 26 de septiembre de 1930 salió la demandante María Reyes del pueblo de Comerío en un automóvil Chrysler por la carretera que conduce a Bayamón. Antes de llegar a este último pueblo se detuvo el automóvil en su derecha entre los kilómetros 21 y 22. En ese sitio y al lado opuesto de la carretera hay una alcantarilla sobre la cuneta y empieza un camino que conduce al barrio de doña Elena, al cual iba la demandante porque allí vive su madre. La carretera tiene en ese sitio un ancho de 18 pies y hay una recta de 300 a 400 metros en dirección a Bayamón. La cuneta tiene tres pies y medio de profundidad y en su fondo hay piedras grandes. Sobre esto no hay contienda entre las partes.

La prueba de la demandante en el juicio con respecto a cómo ocurrió el accidente por el cual reclama indemnización consistió en su declaración y en las de Diego Nieves y Manuel Burgos. Había presentado otros dos testigos, Arcadio Huertas y Gregorio Alejandro, pero aunque prestaron juramento para declarar no los llamó como testigos.

La demandante declaró que cuando bajó del automóvil por el lado derecho de él cerca de la cuneta que estaba inmediata, anduvo para detrás del automóvil y continuó por la parte posterior de él para cruzar la carretera en dirección al camino que estaba en frente: que al salir por detrás del automóvil que estaba detenido miró hacia Comerío pero no para la parte de Bayamón: que cuando cruzaba la carretera andando a paso ligero vió cerca de la alcantarilla algunos hombres y que Diego Nieves y Arcadio Huertas hacían señas a un automóvil y le gritaban que parase, pero que ella no volvió la vista hacia Bayamón y que cuando había llegado al borde de la carretera y tenía un pie en ella y otro en la alcantarilla recibió un golpe de un automóvil y fué lanzada a la cuneta donde quedó inconsciente.

No tomaremos en cuenta la declaración de Diego Nieves porque la corte inferior prescindió de ella para fundar su sentencia, posiblemente porque se presentó en el juicio para

contradecir las manifestaciones que en él hizo una declaración jurada que firmó ante un abogado-notario pocos días después de haber ocurrido el accidente a María Reyes cuya declaración tiene hechos opuestos a los que declaró después en el juicio.

El otro testigo de la demandante fué Manuel Burgos, quien mereció entero crédito a la corte sentenciadora. Este testigo declaró que estaba cerca de la alcantarilla donde comienza el camino que conduce al barrio de doña Elena: que al otro lado de la carretera estaba detenido un automóvil Chrysler del que vió bajar por el lado de la cuneta a María Reyes, quien caminó hacia atrás del vehículo y pasó por detrás de él para cruzar la carretera en dirección a la alcantarilla; que de la parte de Bayamón venía un automóvil a una velocidad muy exagerada: que Arcadio Huertas lo mandó parar y el automóvil trató de hacerlo pero como venía tan ligero cogió por el lado y se fué a la cuneta antes de llegar a la alcantarilla, de donde salió, atropelló a la demandante que estaba en la orilla de la carretera, volvió a irse a la cuneta y salió otra vez, deteniéndose entonces: que el automóvil que guiaba el demandado no tocó pito ni bocina y que ésa es la única declaración que ha dado en este asunto.

Después de ser negada una solicitud de sentencia absolutoria fundada en no ser suficiente la prueba de la demandante para sostener una sentencia condenatoria, prestó declaración el demandado Víctor López Nusa. Él declaró que la tarde a que se refiere este caso iba guiando su automóvil Chandler, el cual tiene asegurado: que hace unos quince años que maneja su automóvil y diez años que semanalmente pasa por esa carretera porque todos los sábados va a la casa que tiene en Barranquitas: que esa tarde sacó de una clínica de San Juan a un hijo suyo de unos tres meses de nacido que estaba enfermo allí y lo llevaba para su casa de Barranquitas: que el niño lo llevaba en su falda una mujer que luego no ha po-

dido encontrar: que él guiaba el automóvil a una marcha de quince millas por hora: que a 300 ó 400 metros de distancia de donde ocurrió después el accidente con la demandante vió un automóvil detenido y algunos hombres ante él, por lo que tocó su claxon: que la carretera estaba despejada y con espacio suficiente para pasar: que su claxon es muy potente y que cuando llegó cerca del otro automóvil salió por detrás de él una mujer para cruzar la carretera y el testigo metió los frenos en seguida pero el automóvil se fué un poco a la derecha, tropezó con la demandante, quien cayó a la cuneta y se detuvo poco después. Negó que se hubiera ido a la cuneta y que viera señal alguna para que parase.

La prueba de la demandante y la del demandado fué contradictoria. La corte inferior dió crédito a la de la demandante y aunque el demandado apelante ha hecho un fuerte ataque a la evidencia de la demandante no creemos que hubo un manifiesto error en la decisión del conflicto de la evidencia por la corte inferior por lo que no alteraremos su decisión.

■ La demandante solicitó en su demanda $10,000 como indemnización, la corte le concedió $1,500 y en su apelación nos pide que la fijemos en $3,500.

La demandante tenía el día del accidente 21 años de edad y trabajaba como tabaquera en Comerío ganando un salario de $3.50 semanales. Sufrió una fractura compuesta conminuta en la rama izquierda de la mandíbula inferior, la dislocación del lado derecho de la mandíbula inferior, la fractura de la clavícula derecha, erosiones en la nariz, frente, párpado derecho y mejilla izquierda y contusiones sobre ambas rodillas y en la cadera derecha.

Habidas en cuenta todas las circunstancias de este caso, no creemos que la indemnización concedida por la corte inferior sea inadecuada.

*La sentencia apelada debe ser confirmada.*