José Manuel Pietri Mejía, demandante y apelado, *v.* Rosario Bacó Polidori, demandada y apelante.

Núm. 7074.—*Sometido:* Junio 24, 1937. *Resuelto:* Julio 24, 1937.

*Oscar Souffront,* abogado de la apelante; *Leopoldo Tormes García,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En el pleito de divorcio seguido por José Manuel Pietri Mejía contra su esposa Rosario Bacó Polidori, recayó sentencia declarando con lugar la demanda en su primera causa de acción, y como consecuencia, roto y disuelto el vínculo matrimonial existente entre demandante y demandada. Esta ha interpuesto el presente recurso de apelación, atribuyéndole a la corte sentenciadora seis errores que se refieren todos a la apreciación de la prueba y credibilidad de los testigos.

Alega Pietri en su primera causa de acción que contrajo matrimonio con la demandada en el pueblo de San Germán el día 2 de junio de 1925, y que su esposa ha demostrado durante los últimos cuatro años una conducta cruel e injuriosa hacia él, rehusando hablarle y llamándole ''canalla, sinvergüenza, perro y mal nacido en privado y al alcance de oídos

de personas extrañas, abandonando por completo todas sus obligaciones en el hogar . . . pegándole . . . insultando y maltratando a la madre del demandante en su presencia, al extremo de haberle pegado.''

En la segunda causa de acción alega que la demandada, en distintas ocasiones con anterioridad al 12 de agosto de 1934, sostuvo contacto carnal con Evelio Maldonado, y que el 12 de agosto de 1934 el demandante y otras personas la sorprendieron en la playa conocida por Salinas, del municipio de Guánica, en los momentos precisos en que sostenía tal contacto carnal con el dicho Evelio Maldonado, quien no era su esposo.

La vista del caso duró dos días y la transcripción de la evidencia consta de 418 páginas, que hemos leído cuidadosamente. La corte sentenciadora encontró probados los siguientes hechos, que copiamos de la opinión que emitiera:

''Que el demandante José Manuel Pietri y la demandada Rosario Bacó Polidori contrajeron matrimonio en San Germán el día 2 de junio de 1925, de cuyo matrimonio no existen hijos; que desde que el demandante contrajo matrimonio con la demandada y hasta el año 1932, en que falleció el padre del demandante, éste era un empleado de su padre como mayordomo en sus fincas, ganando un sueldo de $30 mensuales, y vivió con su esposa en distintas fincas; que el demandante, desde fines del año 1925 padeció de 'sprue,' habiendo sido tratado por el Dr. Arrache, quien declaró que el demandante también tenía síntomas de angustia mental y nerviosismo en parte atribuíbles al 'sprue', y que el demandante, desde el año 1932, ha mejorado mucho. Que demandante y demandada vivieron juntos desde que se casaron hasta el día 4 de junio de 1932, en que el demandante, por los motivos que expuso en carta dirigida a la madre de la demandada (véase Ex. 2 demandada) se retiró del hogar conyugal, habiéndose ido entonces la demandada a vivir con sus familiares en Adjuntas y Yauco; que la determinación tomada por el demandante de separarse de la demandada fué consecuencia del mal trato e injurias graves, de palabras y de hecho, que recibía de la demandada durante varios años, consistentes en palabras y frases ofensivas, y haberle pegado, al extremo de haber confesado el demandante en corte que le tenía miedo a la demandada, hechos que

contribuyeron a agravar la salud quebrantada del demandante. A la Corte le mereció más crédito la prueba del demandante, en conjunto, y su propia declaración, que demostró que el demandante es un hombre de carácter y constitución física débil y apocado de espíritu, mientras que la demandada se mostró como una mujer de carácter dominante, vivo y fuerte. La Corte está convencida de que el borrador de la carta (Ex. 1 demandada) fué escrito por el demandante a requerimiento y exigencia de la demandada, y que la actitud primera adoptada por él de negar haberla escrito se debió a la vergüenza de tener que admitir haberla escrito, por el hecho de ser dirigida a su madre.

"La mente del juzgador no pudo menos que quedar fuertemente impresionada y convencida de que la vida matrimonial que existió entre las partes hasta el año 1932, fué una de constantes altercados, discusiones y peleas, provocadas por el mal genio y celos de la demandada . . .

". . . . . . . . .

"En cuanto a dicha segunda causa de acción, la Corte hace constar que la prueba presentada no le ha convencido de que la demandada cometió adulterio con Evelio Maldonado el 12 de agosto de 1934, aun cuando se probó, fuera de toda duda, ya que la propia demandada admitió que había ido a las 'Salinas', de Guánica, en dicha noche con Maldonado y Teresa Santos, de que la conducta de la demandada al ir de noche a un sitio solitario y de mala reputación general, como se declaró que es ése de las 'Salinas', con un hombre y otra señora, cuyas actuaciones, conducta y forma de declarar merecen poco crédito y respeto a la Corte, la conducta de la demandada, decimos, deja mucho que desear para la buena reputación de una señora que precia su buen nombre, especialmente en los momentos en que su esposo está solicitando el divorcio. A la Corte le ha merecido más crédito, también, la prueba del demandante en cuanto a esta segunda causa de acción, pero no la considera suficiente para dejar establecido un caso de adulterio, aunque sí uno de indiscreción y ligereza imperdonable en una esposa, que equivaldría a trato cruel e injuria grave en algunas jurisdicciones de los Estados Unidos. La Corte hace constar que tanto la demandada como Evelio Maldonado mintieron en sus declaraciones al decir que no se habían hablado en Guánica y Adjuntas antes de la noche del 12 de agosto de 1934, como puede verse de sus contradicciones, según aparecen en la transcripción de la evidencia, páginas 234 y 259.

"Tampoco se ha probado que la demandada cometiera adulterio con Evelio Maldonado antes de la noche mencionada, pues la prueba de lo sucedido en la finca del padre del demandante ocurrió varios años antes, y por sí no estableció el adulterio, y además, esto hubiera quedado condonado por la conducta posterior del demandante de seguir viviendo con la demandada."

La demandada no alega que la corte sentenciadora actuara con pasión, prejuicio o parcialidad. En esas circunstancias, la regla invariable y firmemente establecida ya por este Tribunal Supremo ha sido la de no alterar el fallo, a menos que surja de los autos un manifiesto error en la apreciación de la prueba, que está muy lejos de haberse cometido en el caso de autos. *E. Solé & Co. S. en S.* v. *Pedrosa,* 49 D.P.R. 569; *Reyes* v. *López Nusa,* 48 D.P.R. 92; *López* v. *Andrades,* 47 D.P.R. 309; *Amador* v. *Navarro,* 46 D.P.R. 526; *Molina* v. *Rodríguez,* 40 D.P.R. 691; *Casasnovas* v. *The Ponce Electric Co.,* 38 D.P.R. 126; *Palacios* v. *Arzuaga,* 37 D.P.R. 289; *Franceschi* v. *Fournier,* 37 D.P.R. 161; *Díaz* v. *Sucn. Cintrón,* 35 D.P.R. 632. Las cortes sentenciadoras oyen declarar a los testigos; pueden apreciar sus gestos y la manera como se conducen durante el curso de los interrogatorios a que los abogados de ambas partes les someten. Las de apelación, por el contrario, carecen de esas oportunidades para llegar a la verdad de los hechos. Una transcripción de la evidencia o una exposición del caso han de estar necesariamente desprovistas de esos índices tan importantes para averiguar si la declaración que un testigo presta desde la silla testifical se ajusta o no a la realidad de los hechos. De ahí la sabiduría de la regla.

Hemos estudiado cuidadosamente la transcripción de la evidencia sin que hayamos descubierto en ella error alguno imputable a la corte inferior. Sus conclusiones ide hecho están ampliamente sostenidas por la prueba que desfiló ante ella. Existen, sí, contradicciones en el testimonio de los testigos principales, y en general, un conflicto entre la prueba del demandante y la de la demandada. Pero la corte *a quo,*

en el ejercicio de su facultad discrecional, resolvió este conflicto en favor del apelado y rechazó la declaración de aquellos testigos que no le merecieron crédito.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.