Miguel Carlo Aymat, demandante y apelado, *v.* Juana Vargas, conocida por Margarita Vicéns, demandada y apelante.

Núm. 9323.—*Sometido:* Junio 12, 1946. *Resuelto:* Julio 12, 1946.

*Enrique Báez García,* abogado de la apelante; *J. Alemañy Sosa,* abogado del apelado.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

La apelante, habiendo arrendado una finca a Julio N. Matos, otorgó con éste un contrato prorrogando el arren-

damiento por un término de diecisiete años, en el cual se obligaron mutuamente las partes a la compraventa de la finca por $4,500 en los términos siguientes:

"PROMESA DE VENTA

"DÉCIMO: Convienen los comparecientes en que en cualquier tiempo durante el término de este contrato de arrendamiento, don Julio N. Matos Agraít quedará obligado a comprarle a doña Margarita Vicéns *o a sus sucesores*, y doña Margarita Vicéns *o sus sucesores* a venderle a don Julio N. Matos Agraít, la finca anteriormente descrita por la suma de CUATRO MIL QUINIENTOS DÓLARES, y se establece como penalidad para cualquiera de las partes que viole esta cláusula la suma de QUINIENTOS DÓLARES que deberá pagar a la parte perjudicada por vía de indemnización." (Bastardillas nuestras.)

Cinco años después Matos cedió todos sus derechos en el contrato al apelado, quien requirió infructuosamente a la apelante para que cumpliera la promesa de venta, y entonces la demandó para obtener el cumplimiento específico del contrato de venta. La corte inferior declaró con lugar la demanda, y la demandada apela, imputando dos errores: el estimar que el cesionario de Matos adquirió derecho a exigir el cumplimiento específico de la promesa de venta, y el no determinar que la responsabilidad de la apelante para con Matos o su cesionario estaba limitada al pago de $500 como indemnización por el incumplimiento de la promesa de venta.

El primer error señalado realmente plantea una sola cuestión, aunque en el hábil alegato de la apelante se considera esa cuestión desde varios aspectos. La cuestión es si el derecho de Matos a comprar la finca era personalísimo, o si por el contrario era susceptible de cesión al apelado.

Todo derecho es susceptible de cesión, en ausencia de pacto en contrario, excepto aquellos que por su naturaleza o por disposición de ley son intransmisibles.(¹)  El

---

(¹)El artículo 1065 del Código Civil (Ed. de 1930) dispone: ''Todos los derechos adquiridos en virtud de una obligación son transmisibles con sujeción a las leyes, si no se hubiese pactado lo contrario.''

derecho que adquirió Matos en virtud de la promesa recíproca de compraventa, no es intransmisible ni por su naturaleza ni por disposición de ley. Su cesión al apelado fué por lo tanto válida y efectiva, en ausencia de un pacto contario a esa cesión.

La teoría de la apelante es que existe un pacto en contrario, es decir, que de los términos de la promesa recíproca de compraventa se desprende que fué la intención de las partes que el derecho de Matos fuese intransmisible. Funda su contención la apelante en el hecho de que la promesa la obliga a ella *y a sus sucesores,* mientras que no hay mención expresa de los sucesores de Matos.(²)  En verdad que no es fácil comprender el porqué, mientras se expresaron los derechos y las obligaciones de los sucesores de la apelante, se omitió expresar los derechos y las obligaciones de los sucesores de Matos. Sobre este punto, ambas partes presentaron prueba, declarando Matos, la apelante y el notario, y la corte dió crédito a las declaraciones de Matos y del notario, al efecto de que el notario actuó de acuerdo con las instrucciones de Matos, y de que esas instrucciones no comprendieron distinción alguna respecto al alcance de la obligación de comprar y vender que asumían ambas partes, obedeciendo la diferencia en la fraseología usada en cuanto a una y otra parte a inadvertencia del notario. La apelante, por otra parte, no declaró que ella insistiera en condicionar o limitar los derechos de Matos, o en prohibir su cesión, sino que negó primero que ella se hubiera comprometido a venderle a Matos, y luego aclaró que al leérsele la escritura protestó que ella no había convenido la venta, y que firmó la escritura cuando Matos le dijo "No le hace, como usted

---

(²)La apelante no sostiene que la palabra ''sucesores'' comprende a los cesionarios. Admite que se refiere a los herederos, y arguye que, por haberse omitido toda referencia a los herederos de Matos, éstos no resultarían beneficiados ni obligados por el contrato de compraventa, y que si ésa fué la intención de las partes en cuanto a los herederos de Matos, lo fué, *a fortiori,* en cuanto a sus posibles cesionarios.

no me va a vender nada más que a mí,'' pensando ''que hoy o mañana que yo me resolviera a vender no le vendería nada más que a él.'' Como se ve, la apelante, en vez de sostener que fué su intención venderle a Matos y prohibir la transmisión de los derechos de Matos, adoptó la actitud·de impugnar totalmente la promesa de venta, sosteniendo que ''yo siempre le dije que si vendía lo preferiría a él primero que a nadie, pero que yo no quería vender porque encerraría los terrenos de mi hijo,'' teoría ésta que, como objetó el abogado del apelado oportunamente, es distinta a,la que planteó la apelante en su contestación(³) y a la que ahora plantea en esta apelación. En vista de esa prueba, no podemos decir que errara la corte inferior al dar crédito a las declaraciones de Matos y del notario, ni tampoco al concluir, a base del contrato y de la prueba, que no fué la intención de las partes el prohibir la cesión de los derechos de Matos.

■■ El apelado adquirió, pues, los derechos de Matos en el contrato, inclusive el derecho de comprar la finca por el precio convenido. La adquisición de esos derechos por el apelado no quiere decir, como sugiere la apelante, que no perduraran las obligaciones que asumió Matos para con la apelante. El que una parte ceda sus derechos en un contrato no le releva de las obligaciones que asumiera para con la otra parte, a menos que ésta consienta en relevarle.(⁴) La cesión al apelado de los derechos de Matos en nada perjudicó, por lo tanto, a la apelante, quien siempre podía exigir de Matos cumpliera su promesa de pagar $4,500 por la finca. Y al ofrecer el apelado, como cesionario de Matos, pagar el precio convenido, y consignarlo en corte, quedó cumplida plenamente la obligación de Matos.

---

(³) La contestación de la apelante admite que se obligó a vender a Matos, y alega que expresamente se convino que el derecho de Matos sería personal, y no pasaría a sus sucesores.

(⁴) Véase el artículo 1065 del Código Civil, supra, que habla de la cesión de *derechos,* y el 1159, que dispone que ''La novación, que consiste en substituirse un nuevo deudor en lugar del primitivo, puede hacerse sin conocimiento de éste, pero no sin el consentimiento del acreedor.''

La apelante arguye que el apelado, como cesionario de los derechos de Matos, no tiene derecho al cumplimiento específico de la promesa de venta, ya que el artículo 1340 del Código Civil (Ed. 1930), dispone que la promesa de comprar o vender " . . . dará derecho a los contratantes para reclamar recíprocamente el cumplimiento del contrato," y por lo tanto excluye tácitamente a cualquiera otra persona que no sea una de las partes en el contrato de compraventa. Invoca además la apelante el artículo 1044 del Código Civil que dispone que "las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes . . .", y el 1209, que dice que "los contratos sólo producen efecto entre las partes que los otorgan y sus herederos; . . .". Pero los artículos citados, como muchos otros que hablan de los derechos y recursos de las partes contratantes, y de los acreedores, no pueden leerse sin tener presente el principio general, reconocido en el artículo 1065, supra, de que los derechos que surgen de los contratos son transmisibles. Si Matos, como contratante, tenía derecho, según el artículo 1340, al cumplimiento específico de la promesa de venta, ese derecho era transmisible, de acuerdo con el artículo 1065, por no haber mediado pacto en contrario. Fué transmitido al apelado al cederle Matos todos sus derechos en el contrato otorgado con la apelante. Tiene el apelado por lo tanto derecho a exigir se cumpla la promesa de venta.

Pero la apelante, en su segundo señalamiento de error, sostiene que Matos no tenía derecho a exigir el cumplimiento de la promesa de venta, limitándose su derecho, en caso de incumplimiento de la promesa, a recibir $500 por vía de indemnización por tal incumplimiento, por haberlo así convenido las partes.

La cuestión que plantea la apelante se considera expresamente en los artículos 1106 y 1107 del Código Civil (Ed. de 1930), que rezan así:

"Artículo 1106.—En las obligaciones con cláusula penal, la pena substituirá a la indemnización de daños y al abono de intereses en caso de falta de cumplimiento, si otra cosa no se hubiere pactado.

Sólo podrá hacerse efectiva la pena cuando ésta fuere exigible conforme a las disposiciones del presente código."

"Artículo 1107.—El deudor no podrá eximirse de cumplir la obligación pagando la pena, sino en el caso de que expresamente le hubiese sido reservado este derecho. Tampoco el acreedor podrá exigir conjuntamente el cumplimiento de la obligación y la satisfacción de la pena, sin que esta facultad le haya sido claramente otorgada."

Según resolvimos en *Pueyo* v. *Real Hermanos,* 18 D.P.R. 862, una parte contratante puede insistir en el cumplimiento del contrato aun cuando exista una cláusula penal, según el artículo 1107, a menos que el contrato expresamente reserve a la otra parte la elección entre cumplir o pagar la pena.([5]) En el caso de autos no hubo tal reserva, ni expresa ni tácita, luego Matos y su cesionario tenían derecho a optar entre exigir el cumplimiento del contrato o el pago de la pena. Eligió el cesionario de Matos exigir el cumplimiento del contrato, y no erró la corte al reconocerle su derecho a así elegir.

*Debe confirmarse la sentencia apelada.*

---

([5]) Véanse 8 *Manresa* 226, 227; 19 *Scaevola* 836, 837; 2 *Restatement of the Law of Contracts, American Law Institute,* págs. 700, 701.