FRANCISCO LÓPEZ, demandante y apelado, *v.* MARTÍN ANDRADES, demandado y apelante.

No. 6696.—*Sometido:* Mayo 28, 1934. *Resuelto:* Julio 26, 1934.

*Adrián Agosto,* abogado del apelante; *Salvador Suau,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso, por falta de diligencia en la tramitación del mismo y porque es frívolo. Antes de celebrarse la vista de la moción de la apelada la apelante archivó la transcripción de los autos. La apelación quedó así perfeccionada. Sólo es pues necesario entrar en la consideración de los méritos de la apelación para decidir si es o no frívola.

El pleito se inició por Francisco López contra Martín Andrades en cobro de $1,414.61, intereses y costas. En la demanda que está jurada se alega, en resumen, que el padre y causante del demandado, Celestino Andrades, suscribió y entregó al demandante, por valor recibido, debidamente aceptado, el siguiente giro:

"Santurce, P. R., mayo 10, 1929.—No. 158.—Por $1,414.61.—A un mes fecha sírvanse mandar pagar a la orden de nosotros la suma de Mil Cuatrocientos catorce con 61/100—Dollars—Valor recibido que se servirán cargar en cuenta a sus attos. y ss. ss., Santurce Lumber Yard, Francisco López e Hijo, por (Fdo.) Andrés López.—A Celestino

Andrades, Santurce, P. R.—(Al través) Aceptado, (Fdo.) Celestino Andrades.''

Se alega además en la demanda que los giradores San- turce Lumber Yard y Francisco López e Hijo constituían y constituyen un negocio unipersonal de la exclusiva pro- piedad del demandante que era y es el legítimo dueño y tenedor de la obligación; que Celestino Andrades falleció el 19 de mayo de 1929, bajo testamento; que al protocolarse éste se aceptó como cierta la obligación del causante para con el demandante, pero fijándola en $1,200, y que en las operaciones divisorias del finado se adjudicó al demandado para el pago de deudas y bajas entre otras propiedades un solar valorado en $5,550, recibiendo el demandado como he- rencia unos $10,000, alegándose, por último, que ni el de- mandado, ni persona alguna, han satisfecho la obligación reclamada.

Contestó el demandado alegando que el giro de que se trata fué aceptado por Andrades simplemente con el objeto de ayudar al demandante a levantar fondos sin que mediara interés ni precio alguno, habiéndose expedido un recibo o contradocumento de que Andrades nada adeudaba; que el reconocimiento de la deuda de $1,200 nada tiene que ver con el giro y que nada debe al demandante. Contrademandó además reclamando $322.

Fué el pleito a juicio. Ambas partes introdujeron su evidencia y basándose en las alegaciones y en la prueba dictó la corte su sentencia declarando la demanda con lugar y sin lugar la contrademanda. En su relación del caso y opi- nión, terminó la corte diciendo:

''La cuestión a nuestro juicio es completamente clara, y de acuerdo con la prueba que antes reseñamos en esta breve exposición de hechos que nos ordena la Ley hacer, declaramos como probado, la existencia de la obligación o giro, su otorgamiento por el causante del deman- dado, su entrega y posesión actual por el demandante, la personalidad de éste, el requerimiento de pago hecho y no cumplido, la aceptación por el demandado en el expediente sobre administración judicial de

una cantidad debida, así como que el demandado Martín Andrades se adjudicó propiedades para el pago de las deudas y bajas; no habiendo tenido éxito las defensas aducidas a la demanda, ni tampoco habiéndosenos probado las alegaciones de la contrademanda, . . .''

La parte apelante se opone a la desestimación y expone con amplitud los motivos que tiene para ello. Sostiene que la acción se basa en una letra de cambio que no es tal de acuerdo con la ley y los tratadistas que cita, no pudiendo tampoco considerarse dicho documento como un pagaré. Sostiene además que no existe nexo entre el giro y la deuda reconocida por los herederos, habiendo el demandado presentado un recibo para demostrar que fué simulada la obligación que se reclama. Entiende el demandado y apelante que teniendo que entrar esta corte en el fondo del asunto para aquilatar todas dichas cuestiones, no puede considerarse frívolo el recurso y la moción de desestimación debe ser declarada sin lugar.

Hemos estudiado los autos y estando convencidos de que el recurso no podrá prosperar, parece lo apropiado resolverlo en definitiva.

A nuestro juicio no tiene importancia decisiva el nombre que se dé al documento que se transcribe en la demanda. El pleito lo fué en cobro de dinero y la demanda contiene además del documento que habla por sí mismo, otras alegaciones, y analizada en su totalidad surge de ella que la obligación que se reclama existe y es exigible.

Además por la contestación no se negó el otorgamiento del documento, sino su simulación, y todo fué sometido a prueba y la prueba apreciada finalmente por el juez sentenciador en pro del demandante y aunque una lectura de la transcripción de evidencia revela que se trata de un caso algo dudoso, una vez resuelto el conflicto por la corte su resolución no habrá de ser alterada a menos que se demostrara pasión, prejuicio o parcialidad, o que se hubiera cometido un manifiesto error, circunstancias que no concurren en este caso.

*Debe declararse con lugar la moción del apelado y en su consecuencia desestimarse por frívolo el recurso.*