ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandante y apelado, *v.* PEDRO SANTIAGO NORIEGA y CATALINA MEJÍAS DE SANTIAGO, demandados y apelantes.

Número 10785.

*Sometido:* 25 de marzo de 1953. *Resuelto:* 15 de abril de 1953.

610

*Armando A. Miranda,* abogado de los apelantes; *Hon. Secretario de Justicia José Trías Monge, Clemente Pérez Martínez* y *Félix Sojo Granado, Procuradores Auxiliares,* abogados del apelado.

*Per Curiam.* Se trata de una moción para que se desestime la apelación interpuesta contra la sentencia dictada en procedimiento de expropiación, por el Tribunal Superior de Puerto Rico, Sala de Expropiaciones. La desestimación se solicita, (1) por no haberse perfeccionado el recurso de acuerdo con la ley, (2) por no haberse tramitado con la debida diligencia.

La sentencia apelada se dictó en 1ro. de agosto de 1952. Se pidió la reconsideración por los demandados-apelantes, y fué denegada. Apelaron en 28 de dicho mes, y en septiembre 12, presentaron moción solicitando que se ordenara al taquígrafo a preparar la transcripción de la evidencia, dictándose orden a ese efecto en 29 de dicho mes. Con posterioridad, y a solicitud de los demandados-apelantes, el tribunal a quo con-

cedió tres prórrogas, cada una de treinta días, para la preparación y radicación de la transcripción. La última fué autorizada en 23 de enero de 1953, y después de haber vencido, los demandados-apelantes, en moción de 2 de marzo de dicho año, pidieron una cuarta prórroga, también de treinta días, que fué denegada.

■■ Las "Reglas para la Administración de los Tribunales de Primera Instancia del Estado Libre Asociado de Puerto Rico", se aprobaron por este Tribunal para entrar en vigor en 1ro. de febrero de 1953. Cuando se solicitó la prórroga que el tribunal a quo rehusó conceder, tales reglas estaban en vigor, y lo habían estado desde un mes antes. La Regla 13, dice en parte, así:

". . . No se prorrogará el término para la preparación de una transcripción de evidencia cuando la parte interesada no haya consignado en Secretaría el importe de los honorarios del Taquígrafo dentro del término de veinte (20) días de haberse notificado a éste la orden del Tribunal, a menos que existan causas que lo justifiquen . . . ."

Al solicitarse dicha prórroga, los demandados-apelantes no habían consignado en Secretaría los honorarios del taquígrafo, y para 11 de marzo de 1953, fecha en que se radicó en este Tribunal la moción pidiendo la desestimación del recurso, no lo habían hecho. La moción solicitando la mencionada prórroga fué declarada sin lugar por la siguiente resolución dictada en 9 de marzo de 1953:

"En el caso de autos el abogado de la parte demandada radicó moción solicitando que se ordenara al taquígrafo de récord a que transcribiera el récord de la evidencia aportada durante la vista del mismo, y la corte, en 29 de septiembre de 1952, le ordenó al taquígrafo que procediera a efectuar dicha transcripción. En 20 de noviembre de 1952 el demandado solicitó y le fué concedida una prórroga al taquígrafo para que cumpliera con la orden emitida en el mes de septiembre, prórroga que vencería el 20 de diciembre de 1952. En 23 de diciembre del mismo año y a pesar de haber transcurrido tres días en exceso del término de la prórroga concedida, la corte concedió una nueva prórroga

de treinta (30) días al taquígrafo para dicha transcripción. Volvió a solicitar otra prórroga la parte demandada en 23 de enero de 1953 y la corte le concedió treinta días más. Ahora el demandado ha solicitado una nueva prórroga con cinco días de dilación para que el taquígrafo termine la ya indicada transcripción.

"Las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico que empezaron a regir el primero de febrero de 1953, y en su Regla 13, dispone que 'No se prorrogará el término para la preparación de una transcripción de evidencia cuando la parte interesada no haya consignado en Secretaría el importe de los honorarios del Taquígrafo dentro del término de veinte días de haberse notificado a éste la orden del Tribunal, a menos que existan causas que lo justifiquen'. Esta disposición es mandatoria. Es decir, el Tribunal no tiene discreción para conceder una prórroga, a menos que existan causas que justifiquen la concesión de dicha prórroga.

"La Taquígrafa Repórter que tomó las notas pertinentes durante la vista de este caso ha informado al Tribunal que desde que se dictó la orden original ha realizado múltiples gestiones para que la parte demandada le pague o consigne en la secretaría de este Tribunal los honorarios que le corresponden por el trabajo de la transcripción de la evidencia, sin que hayan tenido éxito dichas gestiones.

"La parte demandada no ha justificado en forma alguna que existen causas para no dar cumplimiento a la Regla 13 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico.

"Considerando los anteriores hechos y la ameritada Regla, la corte declara sin lugar la moción de prórroga radicada por la parte demandada en 28 de febrero de 1953."

Sostienen los demandados-apelantes que no debemos desestimar el recurso porque (1) habían llegado a un acuerdo con el taquígrafo en cuanto a la suma a pagarle por la transcripción; (2) el taquígrafo no pudo preparar dicha transcripción por haber sido trasladado a Ponce en noviembre de 1952, regresando a San Juan a fines de marzo; (3) el tribunal a quo negó la prórroga solicitada a tiempo, sin dar al abogado de los apelantes la oportunidad de hablar, y (4) la transcripción

ha sido presentada, y aplicando por analogía lo resuelto por este Tribunal en *López* v. *Andrades*, 47 D.P.R. 309, no procede la desestimación.

El que se llegara a un arreglo con el taquígrafo en cuanto a lo que tenía que pagársele por la transcripción, no cumple con el requisito de la Regla 13. Lo que ésta provee, como hemos visto, es que "no se prorrogará el término para la preparación de una transcripción de evidencia cuando la parte interesada *no haya consignado* . . . el importe de los honorarios del taquígrafo . . ." (Bastardillas nuestras.) El traslado del taquígrafo a Ponce no es razón para justificar o excusar el incumplimiento con la regla. Repetimos que lo que requiere la regla es que se consignen los honorarios del taquígrafo, para que pueda concederse prórroga. Nada hay que demuestra que a éste le hubiera sido imposible preparar la transcripción, aún estando en Ponce, de haber los demandados consignado sus honorarios y obtenido la prórroga.

En cuanto al tercer motivo de oposición, es de presumirse que los demandados-apelantes expusieron en la moción de prórroga, que no fué radicada a tiempo, las razones que tenían para solicitarla y que el tribunal a quo las consideró insuficientes para excusarles por no haber cumplido con la regla. En el evento de que no se expusieran tales razones, dicho tribunal carecía de base alguna para autorizar la prórroga. Además, la resolución negándola fué dictada en 9 de marzo de 1953. Los demandados-apelantes, de creer que el tribunal a quo había actuado festinadamente y sin oírles, pudieron haber presentado una moción de reconsideración exponiendo cuantas razones creyeran tener para justificar el incumplimiento con las disposiciones de dicha regla, y para que se les concediera la prórroga. No lo hicieron. El procedimiento que adoptaron fué el de radicar la transcripción en 19 de marzo, o sea ocho días después de haberse presentado la moción de desestimación, sin que mediara autorización o permiso para presentarla. En otras palabras, negada la prórroga,

los demandados-apelantes hicieron caso omiso de ella, y radicaron la transcripción sin dar paso alguno para que se les relevara de las consecuencias de la resolución rehusando concederla. [1]

El que los demandados-apelantes al fin presentaran la transcripción, no les excusa de las consecuencias de no haber cumplido con la Regla 13. En primer término, lo que dijimos en *López* v. *Andrades*, supra, fué dicho cuando todavía estaba en vigor la que fué Regla 58 del entonces Reglamento de este Tribunal. Esta regla disponía que en el caso de no radicarse a tiempo el récord de la apelación, ésta podía ser desestimada, pero que "si la copia de los autos ha sido presentada a la fecha en que se haga tal notificación" (refiriéndose a la de una moción para desestimar), "este hecho constituirá una contestación eficaz a la referida moción, aun en el caso de que dicha copia no se hubiere presentado dentro del término prescrito". Esta disposición quedó eliminada de nuestro Reglamento hace años. En segundo término, si aceptáramos la teoría de los demandados-apelantes al efecto de que negada una prórroga para radicar la transcripción por el motivo de no haberse cumplido con la Regla 13, la presentación de dicha transcripción, aun sin autorización o permiso de la corte, y habiéndose negado la prórroga para presentarla, releva a la parte de las consecuencias de no haber cumplido con la misma, el resultado inevitable sería que estaríamos aceptando una excepción claramente incompatible con la regla, que tendría el efecto de destruirla.

Lejos de tener fundamento alguno para resolver que el tribunal a quo se equivocó al llegar a la conclusión de que los

---

[1] En 26 de marzo presentaron en este Tribunal un escrito oponiéndose a la desestimación por los motivos que hemos señalado. A esta oposición replicó el demandante-apelado, acompañando una certificación librada por el Secretario del tribunal a quo relatando hechos ya anotados en esta opinión, así como copia de una moción radicada por el demandante-apelado en dicho tribunal solicitando que se "declare ineficaz la radicación de la transcripción de evidencia".

demandados-apelantes no habían justificado que existieran causas para no dar cumplimiento a la Regla 13, lo que hemos expuesto al comentar las razones aducidas para que no desestimemos el recurso, demuestra que dicho tribunal a quo estuvo acertado al formular dicha conclusión.

Las reglas que aprobamos para la administración del Tribunal de Primera Instancia, lo fueron con el propósito fundamental de mejorar la administración de justicia. Este objetivo se está logrando con la decidida y laudable cooperación de la judicatura y el foro. El continuar prestándola, como hasta ahora, es deber de ciudadanía, para bien y en interés público.

Dichas reglas no podrían tener éxito si, por ser interpretadas injusta o arbitrariamente, resultaran opresivas. Estan redactadas en forma tal, que no hay razón alguna para que tengan ese efecto, si se interpretan con espíritu sereno, ponderado y justiciero. Consideramos que el tribunal a quo siguió esta norma al negar la última prórroga que fuera solicitada, negativa que dió lugar a la moción de desestimación. Si dicho tribunal la hubiera concedido sin haberse "justificado en forma alguna que existen causas para no dar cumplimiento a la Regla 13 . . ." su actuación no hubiera sido ni serena, ni ponderada, ni justa.

*En vista de lo expuesto, debe prosperar la moción de desestimación.*

----

Opinión disidente del JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ en la cual concurre el JUEZ ASOCIADO SEÑOR BELAVAL.

No estoy conforme. La desestimación de este recurso, aplicando aquella parte de la Regla 13 de las de Administración, que dispone que "No se prorrogará el término para la preparación de una transcripción de evidencia cuando la parte interesada no haya consignado en Secretaría el importe de los honorarios del Taquígrafo dentro del término de veinte (20) días de haberse notificado a éste la orden del Tribunal, a me-

nos que existan causas que lo justifiquen", establece una norma de aplicación estricta de dicha Regla, contraria a la que a mi juicio debe prevalecer. No se ha tenido en cuenta que esta Regla, por imponer una restricción de tipo económico en la tramitación del proceso apelativo—el cual, en ese aspecto, no estaba antes reglamentado—debe interpretarse liberalmente en favor de los litigantes. De otra manera podría ocasionar penosas consecuencias a éstos, y en más de una ocasión tener el efecto de derrotar su derecho de apelación. Ante la inflexibilidad con que aquí se ha aplicado, puede afirmarse que dicha Regla vendrá a resultar tan buena como la situación económica de los litigantes permita, o tan mala como este Tribunal, y el propio Tribunal de Primera Instancia, quieran.

Creo que el hecho de haber sido trasladada a Ponce en noviembre de 1952 la taquígrafa que tomó las notas en el juicio, regresando a San Juan a fines de marzo, es una justa causa para no haberse consignado los honorarios juntamente con la moción de prórroga. No debemos perder de vista el hecho de que si bien ello puede no ser obstáculo en muchos casos, en otros la labor que tenga que realizar el taquígrafo de una Sala que es trasladado a otra, en esta última, puede dar lugar a que su labor en la primera se dilate a tal grado (sin que nuestras Reglas de Administración contengan ninguna disposición para evitarlo) que resulte no sólo oneroso si que injustificado el obligar a un litigante a hacer, bajo la Regla 13, la consignación de los honorarios del taquígrafo por una transcripción que puede dilatarse substancialmente, congelando así dichos fondos sin utilidad inmediata alguna. La Regla 13 no ha tenido ese propósito, ni puede tener ese efecto.

Y habiendo sido, además, radicada ya la transcripción, opino que no debe privarse a la apelante de la oportunidad de que su caso—en el que se reclama el derecho constitucional a recibir una justa compensación por su propiedad expropiada —se resuelva en sus méritos.