JULIO DÍAZ GARCÍA, demandante y apelado, *v.* FRANCISCO GONZÁLEZ RIVERA, demandado y apelante.

Número 10921.

*Sometido:* 4 de mayo de 1953. *Resuelto:* 26 de mayo de 1953.

*Rodríguez Ema & Rodríguez Ramón,* abogados del apelante; *Abelardo Román Font* y *Juan R. García,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

El demandante-apelado ha solicitado la desestimación de la apelación interpuesta por el demandado-apelante contra la sentencia dictada en 3 de diciembre de 1952 por el Tribunal Superior de Puerto Rico, Sala de Arecibo. Se funda esta solicitud en que el demandado-apelante no ha proseguido su recurso con la debida diligencia "ya que el demandado y apelante no ha solicitado prórroga del término que fija la ley para radicar la transcripción de la evidencia, no ha pagado ni en todo ni en parte al taquígrafo del tribunal sentenciador, ni ha consignado en todo ni en parte en la secretaría del tribunal, los honorarios del taquígrafo por la transcripción de la evidencia, ni, dada su inconformidad con el valor que a dichos honorarios fijó el taquígrafo, ha pedido al tribunal fije el valor de los mismos para consignarlos dentro de una prórroga que a tales fines debió solicitar de dicho tribunal."

El demandado-apelante se ha opuesto a la desestimación solicitada alegando que ha proseguido esta apelación con la debida diligencia.

Veamos cuáles son los hechos.

 La apelación se interpuso el día 7 de enero de 1953 y en esa misma fecha se hizo la solicitud para que el tribunal ordenara al taquígrafo que preparara y radicara la transcripción de la evidencia. El tribunal dictó orden a ese efecto, el día 13 de enero del mismo año y la misma fué notificada al taquígrafo A. González Grau el día 19 del propio mes y a los abogados de las partes, el día 3 de febrero. El 22 de enero de 1953, el taquígrafo González Grau informó por escrito al Lcdo. Benjamín Rodríguez Ramón, uno de los abogados del demandado-apelante, que la transcripción de la evidencia tenía un valor de $325. En febrero 2, el abogado Rodríguez Ramón contestó al taquígrafo informándole que consideraba excesiva dicha suma, y a su vez le ofreció la cantidad de $100, como valor razonable de la transcripción, suplicándole que en caso de que no la aceptara, se lo informara así para entonces proceder a consignar la ameritada suma en la secretaría del tribunal conforme lo dispone la sección 13 de las Reglas para la Administración del Tribunal de Primera Instancia, en vigor desde el día 1ro. de febrero de 1953. Al no recibir contestación a esa comunicación el abogado Rodríguez Ramón volvió a escribirle al taquígrafo en 17 de febrero, y varios días después, o sea, el día 23, el taquígrafo le contestó ratificándose en que la transcripción de evidencia valía $325. Tres días después, o sea, el 26 de febrero, el demandado-apelante radicó una moción consignando en la secretaría del tribunal a quo la cantidad de $100 y en dicha moción solicitó del tribunal "que una vez radicada por el señor taquígrafo la transcripción de evidencia solicitada, de no estar conforme dicho funcionario con los honorarios aquí consignados, se señale una vista donde el demandado pueda comparecer a ofrecer evidencia en apoyo de su afirmación de que dichos honorarios valen

aproximadamente la suma de $100, calculados a tenor de las disposiciones de la sección 5 de la Ley del 10 de marzo de 1904, creando las plazas de Taquígrafo-Reporter de los Tribunales de Distrito." El día 10 de marzo el demandado-apelante radicó en el tribunal sentenciador una moción solicitando una prórroga de 30 días para radicar la transcripción de la evidencia. El día 19 del mismo mes, y cuando ya el apelado había solicitado ante este Tribunal la desestimación de la apelación, el apelante radicó en el tribunal a quo una moción solicitando un nuevo término para radicar la transcripción de la evidencia. Se celebró una vista sobre dicha moción y aquel tribunal, en 6 de abril, dictó resolución ordenando al demandado-apelante que consignase en la secretaría dentro del término de 7 días, la suma de $200 como valor tentativo de la transcripción, disponiendo, que una vez cumplida esa orden, resolvería la moción interesando un nuevo término. Habiendo el apelante cumplido con la anterior orden, el tribunal sentenciador, por resolución de 22 de abril concedió al demandado-apelante un nuevo término de 30 días para radicar la transcripción de la evidencia.

Las Reglas para la Administración del Tribunal de Primera Instancia, adoptadas por este Tribunal, comenzaron a regir el día 1º. de febrero de 1953. La Regla 13 (¹) precep-

---

(¹) Dicha Regla lee como sigue:

"13.—Transcripciones de Evidencia, Consignación de Honorarios e Informes del Taquígrafo

"Toda orden disponiendo una transcripción de evidencia será notificada inmediatamente por el Secretario al Taquígrafo. No se prorrogará el término para la preparación de una transcripción de evidencia cuando la parte interesada no haya consignado en Secretaría el importe de los honorarios del Taquígrafo dentro del término de veinte (20) días de haberse notificado a éste la orden del Tribunal, a menos que existan causas que lo justifiquen. Cuando se trate de asuntos criminales deberá oírse previamente al Fiscal.

"El Taquígrafo preparará y radicará la transcripción de evidencia solicitada para fines de apelación, según el orden de consignación de los honorarios convenidos con él o fijados por el Tribunal. En aquellos casos en que se ordenare preparar gratuitamente la transcripción de evidencia, el turno de preparación y radicación se fijará tomando como base la fecha en que el Tribunal dicte la orden correspondiente. No obstante lo ante-

túa que toda orden disponiendo una transcripción de evidencia será notificada inmediatamente por el secretario al taquígrafo y que no se prorrogará el término para la preparación de una transcripción de evidencia cuando la parte interesada no haya consignado en Secretaría el importe de los honorarios del taquígrafo dentro del término de 20 días de haberse notificado a éste la orden del tribunal, a menos que existan causas que lo justifiquen. Dispone además dicha regla que el taquígrafo preparará y radicará la transcripción de evidencia solicitada para fines de apelación, según el orden de consignación de los honorarios convenidos con él o fijados por el tribunal.

Esta regla permite a la parte apelante convenir con el taquígrafo el importe de los honorarios que dicha parte viene obligada a consignar en la Secretaría. A falta de convenio, corresponde al tribunal fijar dicho importe. Como estos honorarios se fijan de acuerdo con el arancel establecido por la Ley de 10 de marzo de 1904 (pág. 110), creando las plazas de Taquígrafos-Reporters de los Tribunales de Distrito, o sea, a razón de diez centavos por cada cien palabras, resulta imposible fijarlos con razonable certeza antes de que la transcripción esté preparada. Por tanto, la corte fija dichos honorarios tentativamente, y la consignación queda

riormente dispuesto en este párrafo, el Juez Administrador, luego de consultar con el juez que conoció del caso, podrá ordenar que se prepare y radique la transcripción de la evidencia fuera de turno cuando medien circunstancias especiales o cuando el interés público así lo exija.

"No serán entregados al Taquígrafo los honorarios consignados en Secretaría a no ser que se haya radicado la transcripción de evidencia. El Tribunal podrá, no obstante, previa radicación de parte de la transcripción de la evidencia, ordenar la entrega de la parte proporcional de dichos honorarios.

"El Juez Administrador establecerá un turno de rotación para los Taquígrafos que resulte en una distribución equitativa entre ellos de los ingresos por concepto de transcripción de notas taquigráficas.

"Los Taquígrafos remitirán al Director Administrativo dentro de los primeros cinco (5) días de cada mes un informe de la labor realizada en asuntos judiciales incluyendo los honorarios percibidos durante dicho mes. y cualquiera otra información requerida en el impreso que se les suministre."

sujeta a una liquidación final, una vez se haya radicado la transcripción. La parte apelante no viene obligada a consignar el importe de los honorarios que fije el taquígrafo, cuando hay desacuerdo entre ellos, pero tampoco tiene dicha parte la facultad de fijar por sí misma dicho importe y la consignación que hiciere como resultado de su propio cálculo, no surte efecto alguno bajo la Regla 13.

Es obligación del apelante proseguir su recurso diligentemente. Cuando no pudiere convenir con el taquígrafo el importe de los honorarios a ser consignados, es su deber solicitar inmediatamente del tribunal que fije dicho importe a fin de que pueda dar cumplimiento a la Regla 13. De lo contrario, corre el riesgo de que su recurso sea desestimado. En el presente caso el apelante intentó dar cumplimiento al requisito de la consignación exigido por dicha regla. Realizó repetidas gestiones encaminadas a ese fin, mas eligió un procedimiento equivocado, al consignar en Secretaría la suma de $100, que a juicio suyo, representaba el valor razonable de la transcripción de la evidencia. Ello, no obstante, creemos que no debe desestimarse su recurso. La dilación que haya ocurrido en el perfeccionamiento de este recurso, ha obedecido más bien a una equivocación en el trámite para la consignación, que a la falta de diligencias del apelante. Por lo tanto, no debe prosperar una solicitud de desestimación del recurso fundada en falta de diligencia.

*Se declara sin lugar la moción de desestimación presentada por el demandante-apelado.*