EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR JOSÉ SANTOS ORTIZ, acusado y apelante.

Número 16532.

*Sometido:* 18 de junio de 1958. *Resuelto:* 30 de junio de 1958.

*Alfredo Archilla Guenard, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

El fiscal solicita la desestimación del presente recurso fundándose en que habiendo apelado el acusado, con fecha 17 de enero de 1958, de una sentencia de uno a dos años de presidio impuéstale el 8 del mismo mes y año, en 15 de mayo de 1958 no había radicado en el tribunal inferior pliego de excepciones, transcripción de evidencia o exposición del caso, ni solicitado prórroga alguna para hacerlo; y que siendo el deber del acusado gestionar que por el Secretario del tribunal inferior se remitiera el legajo de sentencia a este Tribunal a fin de perfeccionar su apelación, no había realizado aquél gestión alguna a ese efecto hasta la indicada fecha, ni había

elevado dicho legajo, encontrándose el presente recurso, por manifiesta negligencia del acusado, en completo estado de abandono.

A su moción unió el Fiscal una certificación del Secretario del Tribunal Superior, Sala de Ponce, expedida el 23 de abril de 1958, acreditativa de los anteriores extremos, y de la cual aparece, además, que el acusado apeló por su propio derecho y se encuentra recluído en la Cárcel de Distrito de Ponce.(¹)

El 16 de junio de 1958, y correspondiendo a una solicitud de este Tribunal, tramitada por nuestro Secretario, el de la Sala de instancia expidió nueva certificación en los siguientes términos:

"Que durante el acto de lectura de la acusación, el acto del juicio y el pronunciamiento de la sentencia en este caso, el acusado Héctor José Santos Ortiz estuvo representado por el Lcdo. Miguel A. Ruiz de la Oficina de Asistencia Legal.

Que el acusado-apelante no solicitó del tribunal la Transcripción de Evidencia pero sí solicitó y le fué concedida por orden del día 18 de febrero de 1958 el beneficio de pobreza para la transcripción de evidencia, y desde dicha fecha hasta hoy no ha solicitado dicho acusado prórroga para perfeccionar dicha transcripción de evidencia.

Que el taquígrafo que entendió en la vista de este caso lo fué el Sr. Radamés Vega Detrés."

■ La Moción de Desestimación por abandono no puede ni debe prosperar. Aunque en las dos certificaciones expedidas por el Secretario de la Sala sentenciadora se hace constar que "no solicitó del Tribunal la Transcripción de Evidencia", sí aparece de la certificación de 16 de junio que "solicitó, y le fue concedida por Orden del día 18 de febrero de 1958, el beneficio de pobreza para la Transcripción de Evidencia". El acusado, quien fue representado en todas las etapas del proceso, hasta el pronunciamiento de la sentencia, por un abogado

(¹) Con marcada frecuencia hemos notado que en casos en que se ha concedido a un acusado el beneficio de pobreza, se expiden certificaciones similares a las del 23 de abril, en impresos a los cuales se les agrega muy escasa información, de la que no aparece que tal beneficio le fuera concedido.

de la Sociedad de Asistencia Legal, apeló por su propio derecho y luego de convicto y sentenciado, permaneció en la Cárcel de Distrito, en sumaria. Su solicitud y la orden dictada concediéndole dicho beneficio, son suficientes para que se dé por cumplido el requisito de que se solicite y obtenga una orden para la Transcripción de Evidencia.

Cuando un acusado ejercita por sí mismo su derecho de apelación y el tribunal le concede el beneficio de pobreza para que se le transcriba la evidencia por el taquígrafo, tal derecho no puede quedar derrotado porque desde la cárcel no solicite prórrogas para que el taquígrafo radique dicha transcripción. Una vez entra en el turno que le corresponde, según provee la núm. 13 de las Reglas de Administración, éste le favorece y le protege, ya que de acuerdo con dicha Regla, "en aquellos casos en que se ordene preparar gratuitamente la Transcripción de Evidencia, el turno de preparación y radicación se fijará tomando como base la fecha en que el Tribunal dicte la Orden correspondiente". Ninguna orden para la transcripción de evidencia mediante el pago de honorarios al taquígrafo puede postergar el turno de radicación de una transcripción que se ordene hacer gratuitamente. En casos como el presente, una vez que el acusado solicita y el tribunal de instancia le concede el beneficio de pobreza, a los fines de la apelación por él establecida, es deber del taquígrafo preparar y radicar dicha transcripción conforme el turno que dispone la Regla 13 citada. Y es sólo el Juez Administrador, luego de consultar con el Juez que conoció del caso, según provee la propia regla, quien puede ordenar que se prepare y radique una transcripción fuera de turno "cuando medien circunstancias especiales o cuando el interés público así lo exija."

Fijándose el turno para la preparación y radicación de una Transcripción de Evidencia gratuita por la fecha en que se dicta la Orden para dicha transcripción, el hecho de que ésta sea gratuita no deja a elección del taquígrafo la fecha en que la misma ha de radicarse. Para proteger el

derecho de apelación de un acusado que no tiene medios para pagar la transcripción de evidencia y a quien se le ha concedido el derecho de obtenerla gratuitamente; que está preso, y que no cuenta con abogado que le atienda los trámites incidentales para perfeccionar su apelación, la radicación de la transcripción, siguiendo el orden estricto de los turnos según dispone esta Regla es indispensable, a la vez que es esencial para una ordenada y eficiente administración de justicia. En el ejercicio de sus poderes de supervisión, los Jueces Administradores deben velar que así se cumpla. Y de importancia es que al aplicar la Regla se tenga presente que en aquellos casos en que el Juez concede al taquígrafo una prórroga para la preparación y radicación de una Transcripción de Evidencia, dicha prórroga no autoriza a postergar el turno de tal transcripción, ni tiene el efecto de adelantar la radicación de otras transcripciones cuyos turnos, fijados de acuerdo con la Regla 13, son posteriores al turno de aquélla para radicar la cual se pide prórroga.

*La moción de desestimación será declarada sin lugar.*

El Juez Asociado Sr. Pérez Pimentel concurre en el resultado.