EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR JULIO VÉLEZ MATOS, acusado y apelante.

*Número:* 17246 *Resuelto:* 26 de febrero de 1963

450

Víctor Julio Vélez Matos, *pro se.*

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 30 de agosto de 1960 el apelante Víctor Julio Vélez Matos fué sentenciado por el Tribunal Superior, Sala de Mayagüez, a cumplir una pena de 2 a 5 años de presidio por una infracción del Art. 438 del Código Penal, 33 L.P.R.A. sec. 1693. Nueve días después instó personalmente recurso de apelación para cuyo perfeccionamiento solicitó y obtuvo una orden dirigida al taquígrafo que intervino en el curso del proceso para la preparación de la transcripción de la evidencia. Los honorarios correspondientes fueron consignados en 28 de octubre del mismo año.

En 2 de noviembre solicitó una prórroga para la presentación de la transcripción de las notas taquigráficas. Se

le concedió. Dicha prórroga venció en 2 de enero de 1961, [1] y desde entonces no solicitó prórroga adicional ni realizó gestión ulterior alguna para perfeccionar el recurso entablado. Por tal motivo, el Procurador General solicitó en 16 de febrero de 1961 la desestimación de la apelación, notificándole de ello al apelante a su dirección en el barrio Guanajibo del término municipal de Hormigueros. Accedimos a las pretensiones del Procurador, y mediante resolución de 10 de marzo desestimamos el recurso. Regla 12(c)(3) del Reglamento del Tribunal Supremo, 4 L.P.R.A., Supl. 1962, pág. 341. En cumplimiento de nuestro mandato se le ingresó en la Penitenciaría Estatal a los fines de dar cumplimiento a la sentencia impuéstale. Se le devolvió la suma de cien dólares que había consignado como precio de la transcripción.

En 3 de enero del presente año, el reo presentó un escrito ante este Tribunal solicitando que se ordene la reinstalación de su recurso de apelación, y después de exponer suscintamente los hechos relatados previamente, manifiesta que "todas las mociones presentadas en la referida apelación desestimada fueron hechas por propio derecho, sin intervención alguna de abogado o asesor legal," y que "el apelante no solicitó las prórrogas necesarias . . . por desconocer sus deberes a ese respecto."

■ Conforme al Art. 356 del Código de Enjuiciamiento Criminal, ed. 1935, 34 L.P.R.A. sec. 1081, cuando el apelante opta por la preparación de la transcripción de la evidencia para la tramitación del recurso de apelación, el taquígrafo deberá preparar dicha transcripción dentro de los veinte días de habérsele notificado la orden del tribunal

---

[1] Aunque no tiene importancia a los fines de resolver la cuestión planteada, deseamos hacer constar que existen discrepancias sobre la fecha de la expiración de la prórroga concedida pues mientras las dos certificaciones de la Secretaria Interina de la sala sentenciadora que se acompañaron por el Procurador General a la moción para desestimar se refieren a 30 de diciembre de 1960, la certificación expedida a petición nuestra en 18 de enero de 1963 por el actual Secretario se refiere a 2 de enero de 1961.

juzgador (*Vigio* v. *Cartagena*, 70 D.P.R. 596 (1949)), pero este término podrá prorrogarse por la corte a su discreción, a instancia del apelante o el taquígrafo. (2) Añade expresamente la mencionada disposición que ". . . en ningún caso, la demora del taquígrafo en preparar la transcripción constituirá motivo legal para desestimar una apelación." (3)

En *Pueblo* v. *Santos*, 80 D.P.R. 611 (1958), dijimos que el derecho de apelación, cuando el acusado lo ejercita por sí mismo y pide y se le concede el beneficio de pobreza para que se le transcriba la evidencia por el taquígrafo, no puede quedar derrotado porque desde la prisión no solicite prórroga para que el taquígrafo radique dicha transcripción. Añadimos, "Una vez entra en el turno que le corresponde, según provee la Núm. 13 de las Reglas de Administración, éste le favorece y le protege."

Con igual razón cuando un apelante ha gestionado la preparación de la transcripción de la evidencia, se ha dictado la orden al efecto y ha consignado los honorarios del taquígrafo, (4) su derecho de apelación no debe menoscabarse por el único hecho de omitir solicitar las prórrogas necesarias. Como cuestión de realidad, es la propia Regla 13 (c) de las de Administración, 4 L.P.R.A., Supl. 1962, pág. 360, (5) la que hace hasta cierto punto innecesaria la

---

(2) Cfr. Regla 53.5 de las de Procedimiento Civil de 1958, 32 L.P.R.A. Supl. 1962, pág. 175 y la Regla 210 de las Reglas de Procedimiento Criminal sometidas por el Tribunal Supremo a la Asamblea Legislativa en 5 de febrero de 1963.

(3) El Art. 359 del Código de Enjuiciamiento Criminal, ed. 1935, 34 L.P.R.A. sec. 1112, dispone que "El Tribunal puede también, en virtud de igual petición, desestimar el recurso, si no se cumplen los requisitos exigidos en el Art. 356, a menos que por buenas razones se amplíe el término con ese objeto."

(4) Cfr. *Estado Libre Asociado* v. *Santiago*, 74 D.P.R. 609 (1953); *Díaz* v. *González*, 74 D.P.R. 1004 (1953).

(5) "(c) En todos los casos civiles y criminales, el taquígrafo preparará y radicará la transcripción de evidencia solicitada para fines de apelación o de revisión, según el orden de consignación de los honorarios convenidos con él o fijados por el tribunal. En aquellos casos en que se ordenare preparar gratuitamente la transcripción de evidencia, el turno

presentación contínua de solicitudes de prórroga en apelaciones criminales, pues se encarga de fijar que "el taquígrafo preparará y radicará la transcripción de evidencia solicitada para fines de apelación . . . según *el orden de consignación de los honorarios convenidos con él o fijados por el tribunal.*" (Subrayado nuestro.) Una vez consignados los honorarios, resulta claro que el fundamento para las solicitudes de prórrogas, por operación de las mismas reglas de orden administrativo, es que no ha llegado el turno correspondiente. Siendo ello así, la desviación del cumplimiento de la obligación de solicitar las prórrogas no debe ocasionar la desestimación del recurso. Se trata de una mera futilidad.([6])

■ *Consideradas todas las circunstancias concurrentes se ordenará la reinstalación del recurso de apelación del apelante y se requerirá la devolución del mandato emitido a tenor con nuestra resolución de 10 de marzo de 1961.*([7])

de preparación y radicación se fijará tomando como base la fecha en que el tribunal dicte la orden correspondiente. No obstante lo anteriormente dispuesto en este párrafo, el juez administrador, luego de consultar con el juez que conoció del caso, podrá ordenar que se prepare y radique la transcripción de la evidencia fuera de turno cuando medien circunstancias especiales o cuando el interés público así lo exija."

([6]) Por vía de ilustración indicamos que como práctica administrativa este Tribunal, al disponer de mociones bajo la Regla 53.4-2—para someter una transcripción total o parcial de la evidencia oral a los fines de la expedición del auto de revisión—generalmente concede "una prórroga por el tiempo necesario para que, conforme a la Regla 13(c) de las Reglas para la Administración del Tribunal de Primera Instancia . . . el taquígrafo prepare y someta la transcripción de evidencia . . ."

([7]) El apelante podrá solicitar la fijación de fianza para permanecer en libertad provisional mientras se tramita el recurso de apelación. Originalmente el tribunal de instancia le había fijado una fianza por la suma de $3,000.